Argued October 31, affirmed December 31, 1963

# STRUNK v. PACIFIC POWER & LIGHT
# COMPANY
### 388 P. 2d 119

*Gerald J. Norville,* Portland, argued the cause for appellant. With him on the briefs were Smith, Gray & Rodgers, Portland.

*Arthur Johnson,* Eugene, argued the cause for respondent. With him on the brief were Johnson, Johnson & Harrang, Eugene.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, DENECKE and LUSK, Justices.

PER CURIAM.

Plaintiff was injured when an aluminum irrigation pipe he was moving came in contact with a power line which defendant had erected and maintained over plaintiff's property. In this damage action for his injuries plaintiff recovered a verdict and judgment. Defendant appeals. Instructions given and refused present the assignments of error brought here.

The power line involved was one which extended from one of defendant's power distribution lines across plaintiff's property and was used to energize an irrigation pump at a stream on plaintiff's property. The line served no other purpose. At the end of the irrigation season in the fall of 1959 plaintiff requested the defendant to disconnect the line so that plaintiff could remove and store his irrigation pump. An employe of defendant, named Newman, performed this service on September 22, 1959. On that date, Newman and plaintiff both became aware that the power line had sagged to an extent that the wires created a hazard for persons moving the irrigation pipes under the wires. Newman could observe that irrigation pipes were scattered about the pasture beneath the power line. The jury could have inferred that Newman would also realize that the pipes would need to be moved and stored for the winter. Defendant's employe did not de-energize the line across plaintiff's pasture but suggested the installation of another pole to give better support to the line. Newman promptly reported the condition of the line to his superiors. About a week later another of defendant's employes visited the premises and marked a spot where the proposed pole should be placed. Defendant did nothing else to either raise the line or de-energize it before plaintiff was injured on October 22, 1959.

The foregoing statement is a summary of the evidence. It does not purport to mention the conflicting evidence in respect to warnings that may have been given to plaintiff. Neither does it recite the testimony, and the denials thereof, that may have justified plaintiff's belief that the line was dead at the time he was moving the pipe.

The case presented a direct conflict as to the knowledge each party may have possessed as to the hazard that existed as well as the extent to which each party, under the circumstances, acted as a reasonable person in the use of that knowledge. The duty of care required of each party in like circumstances has been previously expressed by this court. *Hillman v. North. Wasco Co. PUD,* 1958, 213 Or 264, 313, 323 P2d 664, and the cases there cited. The instructions, taken as a whole, explicitly informed the jury of the duty of care each party was required to exercise within the facts of the case. We fail to see any basis by which the jury could have been misled by the challenged instructions given nor deprived of essential explanation because of the requested instruction not given. The instructions on the defendant's allegedly negligent acts and omissions and those directed at the allegations of plaintiff's contributory negligence could have left no juror in doubt about his responsibility in deciding this case.

Judgment affirmed.